

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Mr. M. T. Junker, President
State Board of Education
Austin, Texas

Dear Sir:

Opinion No. 0-4674
Re: Authority of State Board of
Education to expend funds
appropriated to Joint Legis-
lative Advisory Committee to
defray expenses in discharging
duties which have devolved on
Board under Rural Aid Law.

Your letter of recent date submits the following question:

"* * *

"Does the State Board of Education have the authority under Article 13, Section 2 of the act cited, to employ an auditor and to defray such other and necessary expenses incident to the duties devolved upon it in lieu of the Joint Legislative Advisory Committee and does the Board have authority to pay such salaries and expenses out of the $8,000 appropriated 'for the purpose of employing an auditor and such other and neces- sary expenses incident to the duties of the Joint Legislative Advisory Committee?'"

Article XIII, Sec. 2, H.B. 284, Acts Reg. Sess., 47th Leg., provides in part:

"* * * Eight Thousand Dollars ($8,000.00) for the purpose of employing an auditor and for such other and necessary expenses incident to the duties of the Joint Legislative Advisory Committee. Such auditor shall not receive more than Three Thousand Six Hundred Dollars ($3,600.00) per year out of the sum hereby allocated. The auditor and other authorized employees shall be appointed by the

306

Committee and their salary and necessary expenses
be paid on order of said Committee and all such
employees shall be under the direct supervision
of said Committee or its order. Each of the above
named allocations is for each year of the biennium."

This Act, in creating and imposing certain duties on
the Joint Legislative Advisory Committee, provided in Article XII:

"Should for any reason the Joint Legislative
Advisory Committee fail or refuse to perform the
duties herein imposed upon it or should the duties,
powers, and functions of said Joint Legislative
Advisory Committee become inactive or unenforceable,
then, and in that event, such duties - - - - shall
be performed by the State Board of Education the
same as if said Committee had not been created or
authorized."

In our opinion No. 0-4609, we held that the attempt
to vest in the Joint Legislative Advisory Committee the duties
and powers prescribed by the Act, save and except the duty to
study the school laws in order that the said laws might be re-
codified, violated the Constitution of Texas, and that such
duties and powers, save and except the study of the school
laws, devolved upon and should be exercised by the State Board
of Education under the terms of the saving clause above quoted.
The result is that the Joint Legislative Advisory Committee
still exists, but is stripped of all power and authority under
the Act save the power and duty of studying the school laws.

The purpose of the Legislature in providing the
$8,000.00 appropriation was clearly to furnish funds to enable
the duties attempted to be imposed on the Committee to be dis-
charged. When those duties in part, under the Act devolved upon
the Board, it is our opinion that the $8,000.00 appropriation
became available to the Board to pay the necessary expenses in-
cident to the discharge of such duties of the Committee as have
by the provisions of the Act to be discharged by the Board.

But the Committee is still in existence, and still
has a duty to perform, i.e., the study of the school laws. The
appropriation is to defray expenses incurred in connection with
all the duties originally imposed on the Committee. The result,

Mr. M. T. Junker, President, Page 3

anomalous though it may be, is that we have an indivisible lump sum appropriation available to the Board and the Committee alike to the extent necessary to enable each to perform its respective duties.

The situation thus existing is one which presents practical difficulties, it is true. This affords no basis for ignoring the legislative mandate; rather, it furnishes an occasion for cooperation between the Board and the Committee to the end that the appropriation may be expended in such manner as to effectuate the legislative intent. For example, we see no reason why, if an auditor be necessary to the discharge of the functions of the Board and of the Committee as well, the respective bodies may not, in the spirit of cooperation, mutually agree upon the appointment of an auditor, the fixing of his salary, and the prescribing of his duties.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By R. W. Fairchild
R. W. Fairchild
Assistant.

RWF:nw

APPROVED SEP 3, 1942

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS